UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00084-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GREGORY ALAN SMITH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner Gregory Alan Smith's ("Smith") Motion for Compassionate Release (Record Document 138). The Government has opposed Smith's motion. See Record Document 145. For the reasons set forth below, Smith's Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

Smith was indicted on March 29, 2018, for thirteen counts of wire fraud conspiracy, wire fraud, and money laundering. Smith pled guilty to Count One of the indictment, wire fraud conspiracy, on July 23, 2019. He was sentenced to 72 months imprisonment. Smith has served roughly 3 months of his sentence thus far in FCI Oakdale. He filed the instant Motion for Compassionate Release (Record Document 138) *pro se* on April 9, 2021, arguing that he is highly susceptible to serious illness if he were to contract COVID-19 due to his hypertension and age. Smith submitted a request for compassionate release to the BOP on February 24, 2021. To date, the BOP has not responded to his request.

## LAW AND ANALYSIS

**I.    Compassionate Release**

Smith asserts he suffers from hypertension which is recognized as a chronic condition making him more susceptible to contract a severe case of COVID-19. He also

believes his age puts him at a heightened risk for the disease. Smith is 58 years old. See Record Document 138. Smith contends he is a candidate for release because he presents no threat of recidivism and lacks any history of violence or crime. Upon release, Smith intends to return to his home in Shreveport, Louisiana, to restart his lawncare business.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Smith moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before

filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Smith has exhausted his administrative remedies under the First Step Act as 30 days have passed since he filed his request with the warden.

Thus, subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Smith's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2

(S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, Smith has not demonstrated "extraordinary and compelling reasons" for compassionate release. He notes his hypertension and age and avers that he is entitled to compassionate release because of his heightened risk for mortality should he contract COVID-19. Yet, there is no record evidence as to the severity of these conditions or the extent to which such conditions impair Smith's ability to care for himself. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020). Smith has not shown that BOP cannot adequately treat these conditions. Courts have consistently denied compassionate release motions involving defendants with similar and even more

serious medical conditions than Smith's, namely because the conditions did not prevent the defendant from performing self-care or the defendant failed to show a greater risk of contracting the disease in prison in relation to his risk in the community.  See U.S. v. v. Mitchell, No. 5:10-CR-50067-001, 2020 WL 544703, at *2 (W.D. Ark. Feb. 3, 2020); U.S. v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). Furthermore, Smith has received both doses of the Pfizer vaccine which further lowers his risk of contracting the disease. See Record Document 145 at 8.

Additionally, even if Smith's condition constituted "extraordinary and compelling reasons," this Court believes granting his release would not comport with the factors enumerated in Section 3553(a). Smith defrauded twenty-two individuals, many of whom were elderly, using his community influence. Through this scheme, Smith amassed over $1 million from his victims. Smith has only completed about five percent of his 72-month sentence.  A reduced sentence simply would not reflect the seriousness of his offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of the defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Smith's Motion for Compassionate Release (Record Document 138) is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of April, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT